Circuit Court of Cuyahoga County.

JOSEPH ARTINO V. SANTO LAPARO.

Decided, March 24, 1911.

*Judgment of Dismissal on Appeal—No Bar to Another Action.*

Upon judgment in favor of plaintiff by a justice of the peace, defendant appealed the case to the common pleas court and there obtained a dismissal of the case for failure of plaintiff to file a petition. Thereupon the plaintiff brought another action on the same claim before a justice of the peace. *Held:* The judgment of dismissal of the former action was no bar to the maintenance of the latter action.

*Samuel Doerfler,* for plaintiff in error.
*William H. Chapman,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff below was Laparo. He brought suit against Artino, before a justice of the peace, and recovered judgment.

The defendant appealed the case to the common pleas giving his bond therefor and filing transcript from the docket of the justice of the peace, with the clerk.

The plaintiff failed to file petition within the statutory period, and on motion of the defendant, the case was dismissed in the common pleas court.

Plaintiff sued again before a justice of peace, on the same claim. Defendant produced the record of the proceedings in the former case, claiming the same as a bar. ' The result was a judgment again in favor of the plaintiff. The defendant prosecuted error to the common pleas on this last judgment and, on hearing the judgment of the justice of the peace was affirmed.

The present proceeding is brought to reverse this judgment of affirmance and the judgment of the justice of the peace. The question therefore presented is whether the proceedings in the former case constituted a bar to the latter suit on the original claim. On the part of the plaintiff in error it is urged that to permit that to be done which was done in this case, would enable a plaintiff to harrass a defendant beyond all reason, and therefore it should not be permitted.

This would be equally true if plaintiff, after bringing his suit before the justice of the peace had dismissed it before its being brought to trial, and yet, without question he could have done this, and again bring suit on the same claim.

As said in the brief of plaintiff in error, the giving of the appeal bond and the filing of the transcript suspended the judgment which had been taken, and if the plaintiff had filed his petition in the proper time the case would then have been in the common pleas, to have been proceeded with as though originally brought in that court. Suppose this had all been done, and the case had thereafter been dismissed for some reason other than upon the merits, the plaintiff would not have been barred from suing again, and there seems no good reason why the dismissal of the case for failure to file a petition should work any more severely upon the plaintiff than a dismissal after the filing of the petition, for want of prosecution or for any cause other than upon the merits.

The case cited by counsel for plaintiff in error, *B. & O. R. R. Co.* v. *The City of Washington*, 34 Bulletin, 266, materially differs from the case at bar.

In that case judgment was rendered in favor of the *defendant* in the lower court. The plaintiff appealed, and then asked leave to dismiss the case without prejudice. This, if granted, would have left the party who had obtained a judgment below deprived of the benefit of that judgment by the simple act of the losing party, without any further hearing on the merits.

In the case at bar, the plantiff, by failure to file his petition in time, lost the benefit of his judgment obtained before the justice of the peace, but he deprived the other party of nothing.

Section 5314, Revised Statutes, providing for dismissal of a case without prejudice to a new action, after enumerating the causes, says:

"In all other cases the decision must be upon the merits upon the trial of the action."

In *Loudenback* v. *Collins*, 4 Ohio St., 251, it is said in the head-note, and borne out by the opinion, that to render the dismissal of an action a bar to a new action on the same cause, it must be established that the dismissal was upon the merits.

Here it is shown affirmatively that the dismissal was not upon the merits. The result is that such dismissal is not a bar to a new action and the judgment is affirmed.

---

## WHEN A RECEIVER MAY BE APPOINTED FOR A CORPORATION.